IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| FRANK RICCI FLORES,<br>TDCJ No. 01938568,<br><br>　　Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:18-cv-00029-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner filed a petition for Writ of Habeas Corpus under U.S.C. § 2254 on March 1, 2018 (ECF No. 1), also on that date, Petitioner filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that, as of February 26, 2018, he had $60.36 on deposit with prison officials. ECF No. 2 at 3. His

account's average balance over the past six months was $192.93 per month, and his average deposit amount over the past six months was $129.16 per month. *Id.* The filing fee for a case seeking relief under 28 U.S.C. § 2254 is $5.00. 28 U.S.C. § 1914(a). The Court therefore concludes that Petitioner is able to pay this fee without causing undue financial hardship. *See* N.D. Tex. Misc. Order No. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (allowing Magistrates Judges to grant leave to proceed *in forma pauperis* when seeking relief under 28 U.S.C. § 2254 "if the average six month balance of the person's inmate trust account and other financial resources are less than Fifty Dollars").

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2). Furthermore, the undersigned **RECOMMENDS** that Petitioner be ordered to pay the $5.00 filing fee within twenty-one days of any order accepting this recommendation or some other reasonable time to be established by the Court, and, if he fails to do so, the Court should dismiss this action without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed March 6, 2018.

 

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE