IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FRANK RICCI FLORES, §<br>TDCJ No. 01938568, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | Civil Action No. 7:18-cv-00029-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Frank Flores pursuant to 28 U.S.C. § 2254 on March 1, 2018. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

**BACKGROUND**

Petitioner Frank Flores ("Flores") is a prisoner confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 1 at 1. According to Flores's Petition for a Writ of Habeas Corpus (the "Petition"), he challenges his February 25, 2014, conviction of possession of a controlled substance, for which he was sentenced to twelve years' imprisonment. *Id.* at 2. Flores filed a direct appeal in the Austin Court of Appeals, which affirmed his sentence on July 15, 2015. ECF No. 12 at 3. Flores did not appeal this ruling. *Id.* Flores then filed two state habeas applications challenging his conviction. His first habeas application was

signed on July 11, 2016, which was denied by the Texas Court of Criminal Appeals on November 2, 2016. *Id.* at 3. Flores signed his second habeas application on May 4, 2017, which was again denied by the Texas Court of Criminal Appeals on August 2, 2017.

In his Petition, Flores states the following grounds for habeas relief: (1) denial of an evidentiary hearing by the state habeas court; (2) insufficient evidence to support his conviction; (3) improper jury instructions made at trial; (4) ineffective assistance of counsel; and (5) ineffective assistance of appellate counsel. ECF No. 1.

Because Flores's Petition appeared to be time-barred, the Court entered an order on April 18, 2018, requiring Respondent to file an Answer to his petition and for Flores to file a reply to Respondent's Answer. ECF No. 8. Respondent filed her Answer on June 18, 2018. ECF No. 12. That same day, the Court reminded Flores to file a reply to Respondent's Answer by July 18, 2018. ECF No. 15.  As of today's date, Flores has not filed a reply to Respondent's answer

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA and the one-year limitations period begins to run when the thirty-day period for filing a

notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

The one-year statute of limitations under AEDPA is subject to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Under Fifth Circuit precedent, limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)).

As stated above, Flores has not responded to Respondent's argument that his petition should be dismissed as time-barred. Although Flores's petition states that he is entitled to "tolling of time" and "actual innocence," a claim of actual innocence does not constitute a rare and exceptional circumstance. *Felder*, 204 F.3d at 171. Flores has not alleged any facts that would entitle him to equitable tolling of his time-barred habeas petition. Accordingly, this case is subject to dismissal as barred by the statute of limitations.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 27, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE